UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **Kaevon McCray,** *Plaintiff*, v. **DNF Associates, LLC,** *and* **Atlantic Recovery Solutions, LLC,** *Defendants*. | Case No: 6:20-cv-1882 **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **Kaevon McCray** ("**Ms. McCray**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **DNF Associates, LLC** ("**DNF**") and **Atlantic Recovery Solutions, LLC** ("**Atlantic**") (jointly, the "**Defendants**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. McCray against DNF and Atlantic for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as the FDCPA is a federal statute.

Page **1** of **14**

3. This Court has supplemental jurisdiction over Ms. McCray's state law claims pursuant to 28 U.S.C. § 1367.

4. The Defendants are subject to the provisions of the FDCPA and the FCCPA and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

**PARTIES**

**Ms. McCray**

6. **Ms. McCray** is a natural person residing in Ocoee, Orange County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

**DNF**

7. **DNF** is a Delaware limited liability company, with a primary business address of **2351 North Forest Rd., Suite 110, Getzville, NY 14068.**

8. DNF is registered to conduct business in the state of Florida, where its registered agent is **Cogency Global Inc., 115 N Calhoun St., Suite 4, Tallahassee, FL 32301.**

**Atlantic**

9. Atlantic is a New York limited liability company with a primary business address of **33 Dodge Rd., Suite 108, Getzville, NY 14068.**

10. Atlantic is registered to conduct business in the state of Florida, where its registered agent is **Registered Agents, Inc., 7901 4th Street North, Suite 300, Saint Petersburg, FL 33702.**

11. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use an instrumentality of commerce, including postal mail, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### Ms. McCray's Alleged Debt

12. Ms. McCray allegedly incurred a $5,402.08 debt to Synchrony Bank ("**Synchrony**"), regarding a PayPal-branded charge account ("the **Debt**").

13. Synchrony was the original creditor of the Debt.

14. At some point, the Debt was purchased or otherwise transferred to DNF.

15. DNF thereafter assigned the Debt to Atlantic for collection.

### Atlantic Makes False Threats When Attempting to Collect Debt

16. In October 2020, Atlantic called Ms. McCray and left a voicemail message on her cell phone, stating:

> Message is intended for Kaevon McCray. My name is Jack, I'm contacting you with the Office of ARS. This is reference to a file that's been forwarded down to my desk for a final review. At this time, due to your unresponsiveness on this matter, I have been instructed to start the

verification of employment process. If you or your legal representation have any questions or concerns, contact me, 716-362-9685.

17. At no point did Atlantic's agent, "Jack," disclose that the communication was from a debt collector or that the purpose of the call was to collect a debt.

18. Atlantic's agent also failed to provide meaningful disclosure as to who the calling party was.

19. "ARS" is not a large, commonly known company known to the public by its initials, such as AT&T or IBM. "ARS" is, though, a common acronym used by hundreds of different businesses. A Google search of "ARS" from a Tampa location returns thousands of hits, with top matches referencing the United States Department of Agriculture's Agricultural Research Service; other top matches include ARS.com, which is an air conditioning repair and plumbing company. Atlantic does not appear in the top 500 matches.

20. Even a sophisticated consumer would be unlikely to know from Atlantic's voicemail what a message from "Jack" from "ARS" would pertain to, absent further clarifying information.

21. Atlantic's voicemail was also designed to cause a false sense of urgency in Ms. McCray, stating that a "final review" was underway.

22. Atlantic's voicemail indicating it would "start the verification of employment process" implies that Atlantic planned to contact Ms. McCray's employer and disclose information about the debt to her employer.

23. Additionally, the phrase "start the verification of employment process" implies that Atlantic intended to garnish Ms. McCray's wages – apparently without due process and obtaining judgment first.

24. Indeed, upon listening to Atlantic's voicemail, Ms. McCray believed that Atlantic was a law firm and intended to garnish her wages in the event payment was not made quickly.

25. Atlantic's message further caused Ms. McCray to become alarmed and fear that Atlantic had the ability – and would execute upon such ability – to garnish her wages, which have already been negatively impacted by the COVID-19 pandemic.

26. Atlantic's voicemail to Ms. McCray would materially affect the ability of a consumer like Ms. McCray to chart a course of action to take in response to the allegation of debt, since Ms. McCray was led to believe that Atlantic had the ability to garnish her wages to satisfy payment of the debt – an event Ms. McCray, a single mother, could hardly afford.

27. Atlantic also placed calls to Ms. McCray's cell phone using an automatic telephone dialing system.

28. Atlantic's messages utilized pre-recorded content, as well as an artificial voice. The messages stated:

> This is ARS. This message is solely intended for [several second pause; shift to computer-synthesized voice] *McCray*. [Shifting back to pre-recorded, human voice] We have important documentation with your name and Social Security number attached. Please call us back at 1-888-827-3602 to speak to the next available representative. Thank you.

29. Like the other calls made by Atlantic, this communication failed to disclose Atlantic was a debt collector and that the communication was an attempt to collect a debt.

30. The pre-recorded Atlantic voicemail likewise failed to make any meaningful identification of the calling party, stating only it was "ARS."

31. The call further claimed it was about "important documentation" regarding Ms. McCray's "name and Social Security number."

32. Such phrasing blatantly implies to most consumers that ARS is a law firm and intends to file legal action or for wage garnishment.

33. The message was scripted to allow Atlantic to plausibly deny that this was the intent, and that the "important documentation" regarding Ms. McCray's name and Social Security number was simply billing records regarding the Synchrony account.

34. In reality, the pre-recorded Atlantic voicemail was simply one more nail to hammer in the impression that Atlantic was no mere lay debt collector, but a powerful, legal entity which could cause significant problems for Ms. McCray, should she not comply.

35. Atlantic is not a law firm, employs no attorneys licensed to practice law in Florida (or any state), and does not take legal action against consumers.

36. Rather, Atlantic simply makes money off *claiming* to be a law firm with the ability to garnish wages.

37. Atlantic has been sued several dozen times in the last few years for alleged violations of the FDCPA arising from its misrepresentations in connection with collection. *See, e.g., Jennifer Kenyon v. Atlantic Recovery solutions, LLC, et al.,* Case No. 1:20-cv-00261-WMS-LGF (W. Dist. NY 2020).

**Atlantic's Collection Letter**

38. On October 9, 2020, Atlantic e-mailed a collection letter to Ms. McCray. **SEE PLAINTIFF'S EXHIBIT A.**

39. Atlantic's letter claimed that the original creditor of the debt was "Pay Pal." *Id.*

40. However, as aforementioned, the original creditor was Synchrony.

41. The false identification of the original creditor in collection communication is materially misleading as it inhibits a consumer's ability to research on her own the allegation of debt being made against her. *See Tourgeman v. Collins Fin. Servs., Inc.* 755 F.3d 1109 (9th Cir. 2014).

### Atlantic Fails to Send Notice of Rights

42. At no point did Atlantic provide notice of Ms. McCray's rights pursuant to 15 U.S.C. § 1692g(a).

43. Specifically, Atlantic never mailed a written statement to Ms. McCray containing:

   a) a statement that unless she, within thirty days after receipt of the notice, disputed the validity of the Debt, or any portion thereof, the Debt would be assumed to be valid by Atlantic;

   b) a statement that if she notified Atlantic in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, Atlantic would obtain verification of the Debt or a copy of a judgment against Ms. McCray and a copy of such verification or judgment would be mailed to Ms. McCray by Atlantic; and,

c) a statement that, upon Ms. McCray's written request within the thirty-day period, Atlantic would provide Ms. McCray with the name and address of the original creditor, if different from the current creditor.

44. Due to this lack of notice, Ms. McCray was completely caught off guard by Atlantic's multiple threatening phone calls and voicemails, as she was not made aware she had the option to dispute the validity of the Debt in full or in part, and that the Defendants were required to provide validation of the amount they claimed was owed.

45. This lack of notice further diminished Ms. McCray's ability to properly chart a course of action to Atlantic's barrage of increasingly threatening voicemails.

46. DNF was well aware of the methods utilized by Atlantic to collect debts, but elected to appoint Atlantic its agent, under its control, and accept the monetary benefit of having Atlantic as its agent.

47. Indeed, part of DNF's decision to assign the Debt for collection to Atlantic was precisely because it knew Atlantic would engage in overly-aggressive tactics to collect debts and create a better return on DNF's investments.

48. Thus, DNF is jointly and severally liable for the actions of Atlantic. See *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf).

49. The Defendants' phone calls, voicemails, and emails with Ms. McCray were c*ommunications* as defined by 15 U.S.C. § 1692a(2) and Section 559.55(2), Florida Statutes.

50. Atlantic's actions caused Ms. McCray to suffer severe emotional distress.

51. Ms. McCray has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

52. Ms. McCray adopts and incorporates paragraphs 1 – 51 as if fully restated herein.

53. The Defendants violated **15 U.S.C. § 1692d(6)** when Atlantic, as agent for DNF, repeatedly placed phone calls to Ms. McCray, identifying itself only as "ARS" – apparently a law firm – when "ARS" is insufficient for virtually any consumer to understand as an abbreviation for Atlantic Recovery Services, a Buffalo, New York debt collector.

54. The Defendants violated **15 U.S.C. § 1692e(2)(a)** when Atlantic, as agent for DNF, made false representations about the character, amount, or legal status of a debt when they threatened garnish Ms. McCray's wages for an allegedly unpaid debt, despite the fact the debt was not reduced to judgment and no mechanism for wage garnishment was available to the Defendants.

55. The Defendants violated **15 U.S.C. § 1692e and 1962e(10)** when Atlantic, as agent for DNF, used false representations and/or deceptive means in an attempt to collect a debt when Atlantic repeatedly made false claims to Ms. McCray, attempting to trick her into believing that Atlantic was not a debt collector but rather a law firm, that it could garnish Ms. McCray's wages without benefit of judgment, that Atlantic was going to

communicate with Ms. McCray's employer and disclose her status as an alleged debtor. Additionally, Atlantic, as agent for DNF, made multiple phone calls without any meaningful disclosure of who was calling, attempting to instill panic and fear in Ms. McCray that some "final review" was taking place so she would call back Atlantic, where one of its agents could then attempt to collect the Debt from her.

56. The Defendants violated **15 U.S.C. § 1692e(3)** when Atlantic, as agent for DNF, repeatedly engaged in communications which implied Atlantic were attorneys, when they were not.

57. The Defendants violated **15 U.S.C. § 1692e(4)** when Atlantic, as agent for DNF, repeatedly engaged in communications which implied it could garnish Ms. McCray's wages without benefit of judgment, when the Defendants had no legal right or ability to take such action. Further, the Defendants had no such intention to take any actions which could have ultimately resulted in wage garnishment.

58. The Defendants violated **15 U.S.C. § 1692e(5)** when Atlantic, as agent for DNF, threatened action which cannot legally be taken and not intended to be taken, specifically wage garnishment without any legal ability to do so. Further, Atlantic repeatedly threatened legal action against Ms. McCray, despite no intention (or ability) to take such action.

59. The Defendants violated **15 U.S.C. § 1692e(11)** when Atlantic, as agent for DNF, repeatedly failed to identify itself as a debt collector in multiple communications regarding a debt, and implied it was something other than a debt collector.

60. The Defendants violated **15 U.S.C. § 1692f** when Atlantic, as agent for DNF, used unfair and unconscionable means to collect a debt, by making wildly false claims to Ms. McCray, attempting to trick her into believing that the failure to pay a disputed Debt would result in legal action being taken immediately against Ms. McCray, and that Ms. McCray's wages would be garnished, and Ms. McCray's employer notified.

61. The Defendants violated **15 U.S.C. § 1692g(a)** when they failed to mail written notice to Ms. McCray, within five days of initial communication, stating: (a) the name of the creditor to whom the debt is owed; (b) that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (c) that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and, (d) that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62. The Defendants share joint and several liability for the above-stated violations of the FDCPA, and Ms. McCray is therefore entitled to actual damages, plus statutory damages not to exceed $1,000.00, as well as other relief.

**WHEREFORE,** Ms. McCray respectfully requests this Honorable Court to enter judgment against Atlantic and DNF, jointly and severally, and for her as follows:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.      Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.      Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

63.    Ms. McCray adopts and incorporates paragraphs 1 – 51 as if fully stated herein.

64.    The Defendants violated Section **559.72(9)**, Florida Statutes, when Atlantic, as agent for DNF, asserted legal rights which do not exist, to wit, the ability to garnish wages without the Debt being first reduced to judgment.

65.    The Defendants violated Section **559.72(12)**, Florida Statutes, when Atlantic, as agent for DNF, repeatedly implied, orally, they were attorneys, or was affiliated with a law office.

66.    Atlantic's documented, years-long history of engaging in substantially similar tactics with other consumers nationwide establishes the efforts it took to collect the Debt from Ms. McCray was simply business-as-usual and were engaged in willfully, intentionally, and for the express purpose of deceiving Ms. McCray.

**WHEREFORE,** Ms. McCray respectfully requests that this Honorable Court enter judgment against Atlantic and DNF, jointly and severally, and for her as follows:

    a.      Statutory damages of $**1,000.00** pursuant to Section 559.77(2), Florida Statutes;

  b.  Actual damages pursuant to Section 559.77(2), Florida Statutes;

  c.  Injunctive relief, prohibiting the Defendants from attempting to collect the debt using any means not allowed by Florida statute;

  d.  Punitive damages for the Defendants' egregious conduct and intentional violation of the law;

  e.  Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and,

  f.  Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. McCray hereby demands a trial by jury on all issues so triable.

Respectfully submitted on October 13, 2020, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@SeraphLegal.com
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
Tel: (813) 567-1230
Fax: (855) 500-0705
*Attorney for Plaintiff*

**ATTACHED EXHIBITS**

A       Collection Letter to Plaintiff